John Dugan et al *v.* Commonwealth, ex rln., R. L. Wayne.

**Officers—Liability on Official Bond—Pleading—Petition.**

A petition averring the issual of an execution, its going into the hands of the sheriff, after the teste and before the return day, its collection and failure to return within thirty days after it expired, is sufficient to make the defendant prima facie liable.

**Same—Succession in Office.**

An execution was placed with a sheriff, a few days before his term expired, and placed in the hands of his deputy who was retained in office by the new sheriff: Held that upon failure by the deputy to make return in thirty days, the sheriff then in office would be liable on his official bond.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 12, 1869.

Opinion of the Court by Judge Williams:

Wayne sued out execution against Thompson and Simmes and placed it in the hands of Warfield, then acting as deputy for Lock, the sheriff, a few days before the latter went out and Harrison

came into office, Warfield also being continued as the deputy of the latter, but which, so far as this record shows, had not been levied, and which was not returned to the office whence it issued until the following July, being several months after the return day, when Warfield returned it satisfied, as deputy of his principal Harrison.

The money not being paid over to the creditor, he brought this suit on the official bond of the sheriff to recover the debt and thirty per cent damages, for not returning the execution within thirty days of its return day, and having recovered judgment therefor, the defendants seek a reversal.

1. Because the petition is insufficient.

2. Because Warfield acted as deputy for Lock and not for Harrison, as to this execution.

The petition sufficiently avers the issual of the execution, its going to the hands of the sheriff, Harrison, after the teste and before the return day, its collection and failure to return within 30 days after it expired, and these are the essential averments to make the sheriff *prima facie* liable, if there was a reasonable excuse for not returning the execution within proper time this should be shown by way of defense, but need not be negatived by averment, nor disproved by the plaintiff.

Lock could not legally have returned the execution, after he went out of office without having it levied before his term expired, nor could Warfield, his deputy, have done so. Therefore, it should legally be presumed to be in the hands of Harrison when collected, and this presumption is made the more certain by Warfield's return thereon as deputy to the latter, and whether collected before or after the return day, the officer is now, under our statute, responsible on his official bond.

Seeing no error, the judgment is *affirmed,* without damages, no supersedeas appearing.

*Swope, for appellants.*